IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS WESTON, #M07414, <br><br> Plaintiff, <br><br> v. <br><br> JOHN BALDWIN, JACQUELINE LASHBROOK, FRANK LAWRENCE, LLOYD HANNA, HOWARD HARNER, and JAMES CLAYCOMB, <br><br> Defendants. | Case No. 19-cv-01020-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Tavis Weston, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the violation of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

On April 20, 2020, the Court entered an Order granting Weston leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) and dismissing newly added allegations designated Counts 11 and 13 pursuant to 28 U.S.C. § 1915A. (Doc. 49). Before the Court is Weston's Motion for Reconsideration and Modification pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 55). He asks the Court to reinstate Counts 11 and 13 and allow his claims of retaliation to be considered at the hearing on his Motion for a Preliminary Injunction.

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order

adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

I.     *Request to Reinstate Count 11*

Weston states that the Court made a mistake in dismissing his claims made under the Contracts Clause of the United States Constitution. *See* U.S. CONST. art. 1, § 10. Weston's arguments, however, fail to show a mistake of law made by this Court. He is not alleging that an IDOC regulation or state law impaired his contract, but that Defendant Hanna was exercising legislative power constituting a law when terminating Weston's job assignment. (Doc. 55, p. 9-10). "By its terms, the Contract Clause applies only to state constitutions, constitutional amendments, statutes, ordinances or any instrumentality of state legislated or delegated authority." *Yellow Cab Co. v. City of Chi.*, 3 F. Supp. 2d 919, 922 (N.D. Ill. Apr. 30, 1998). Defendant Hanna was not exercising legislative authority when implementing, enforcing, or even allegedly violating IDOC regulations and policies, and the Court will not reinstate is claim under the Contract Clause. *See Underwood v. City of Chi., Ill.*, 779 F.3d 461, 463-64 (7th Cir. 2015) ("The Contracts Clause covers legislative as opposed to executive action.") (citations omitted);

*Council 31 of the Am. Fed. of State, Cty, and Mun. Emp., AFL-CIO v. Quinn,* No. 11-3203, 2011 WL 3924231 at *7 (C.D. Ill. Sept. 7, 2011) ("the Seventh Circuit has specifically rejected the idea that the Contracts Clause is at issue when a state actor allegedly breaks a contract with a citizen[.]"); *Taake v. Cty. of Monroe,* 530 F.3d 538, 541 (7th Cir. 2008); *Ross v. State of Oregon,* 227 U.S. 150, 162-63 (1913).

Weston further states that the Court misconstrued his due process claim. He clarifies he is claiming he has a protected property interest created by the contract with IDOC, established in Illinois state law, and that Hanna's actions deprived him of that right. The Seventh Circuit has found, however, that "Illinois law does not create a property interest in prison employment[.]" *Turley v. Rednour,* 729 F. 3d 645, 653 n.5 (7th Cir. 2013). For these reasons, Count 11 will not be reinstated.

## II.     Request to Reinstate Count 13

Weston argues that his "alternative" access to courts claim should be reinstated because his claim falls into a category of cases that is a "backward-looking access claim [which] aims to compensate a plaintiff for wrongful official conduct that has caused the plaintiff to lose a litigation opportunity." (Doc. 55, p. 5) (citing *Christopher v. Harbury,* 536 U.S. 403, 413-14 (2002)). He states he is not arguing that the prison grievance system is currently preventing him from exercising his right to petition the government for redress of grievance through this lawsuit but that if the Court determines that his claims are procedurally barred, then Defendants have denied him access to the courts.

Even though Weston labels his claim as an "alternative claim," his access to courts claim is not ripe. In order to plead a backward-looking access to courts claim, "a plaintiff must describe in the complaint the underlying litigation that he lost because of the illegal

interreference…" *Henderson v. Frank,* 293 F. App'x 410, 413 (7th Cir. 2008) (citations omitted). "[M]any courts have dismissed access to courts claims when the claim that the defendant allegedly frustrated is still being litigated." *Carter v. Cummings,* No. 16-cv-55-bbc, 2017 WL 519283 at *6 (W.D. Wis. Feb. 8, 2017) (citations omitted). At this point in time, none of Weston's claims have been dismissed due to failure to exhaust, and Defendants have not even filed motions for summary judgment on that issue. Therefore, his claim is premature. *See May v. Sheahan,* 226 F.3d 876, 883 (7th Cir. 2000) (plaintiff must allege that he "suffered some actual concrete injury."). Count 13 will also not be reinstated.

### III. *Requests Claims of Retaliation to be Considered at the Preliminary Injunction Hearing*

The Court has set a hearing on Weston's motion for preliminary injunction to consider his requests for the restoration of his religious diet. But the Court previously dismissed his requests for an injunction ordering reinstatement in the work program and restoration of his telephone and email privileges. (Doc. 49, p. 14-16). Specifically, the Court found that Weston had not demonstrated how he would suffer irreparable harm by not being placed in another work assignment, and his claims regarding loss of telephone and email services were dismissed, as they were not asserted against any named defendant. (*Id.*).

Weston argues that the Court "committed a myriad of mishaps and oversights" in not allowing him to proceed on his claims that the restriction of telephone and email privileges were done in retaliation. He states that although this claim was not asserted against an individual defendant, it is based on a "custom, policy or pattern and practice theory" and thus it is unnecessary to demonstrate that the decision making official

directly ordered the retaliatory act. (Doc. 55, p. 12). He argues all he is required to do is file a short plain statement under the Federal Rules of Civil Procedure, and the Supplemental Complaint alleges that "Hanna and his designees in concert with employees from Menard's clinical services made arrangements, inter alia, to suspend Weston's telephone and email privileges." (*Id.*).

In the Supplemental Complaint, Weston alleges that his "telephone privileges were suspended by members of Menard's clinical services for no legitimate penological reasons." (Doc. 50, at p. 6). Later he states that the "injuries, described in detail above, were cause in substantial part by policies, practices, and customs of the IDOC and Menard…[and] there [is] a widespread practice among correctional facilities…under which officers, employees, agents and officials took measures to retaliate against inmates who filed lawsuits or availed themselves of grievance procedures." (*Id.* at p. 12). **Therefore, the Court will allow the allegations that his telephone and email privileges were restricted as a part of the widespread retaliation practices by staff in IDOC (Count 10) to proceed. The Court also will consider his claims of retaliation at the preliminary injunction hearing.**

Weston further takes issue with the Court's dismissal of claims made on behalf of other inmates. Weston argues, "what this court fails to appreciate is that within the prison system [he] is not only an 'Imam,' but a 'jailhouse lawyer' as well. Thus, as an advocate within the prison system, [he] does have standing to assert his own rights and the rights of his fellow inmates[.]" (Doc. 55, p. 13).

Generally, an inmate "does not have standing to bring an access to courts claim unless he was 'actually injured,' which the [Supreme] Court defined as being prevented

from filing or litigating a nonfrivolous lawsuit." *Vasquez v. Raemisch,* 480 F. Supp. 1120, 1139 (W.D. Wisc. Mar. 15, 2007) (quoting *Lewis v. Casey,* 518 U.S. 343, 352 (1996)). The Seventh Circuit, however, has recognized that a jailhouse lawyer may have standing to assert claims of denial of access to courts on behalf of other inmates in situations where inmates are left without an alternate means to the court because the prison prevents the jailhouse lawyer from assisting them. *See Buise v. Hudkins,* 584 F.2d 223, 227 (7th Cir. 1978); *Johnson v. Avery,* 393 U.S. 483 (1969); *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996) (an inmate has a claim under Section 1983 for "assisting others in exercising their right of access to the courts").

Here, Weston is not asserting that his fellow inmates have been denied access to courts because he is being prevented from assisting them with their legal proceedings or that he is being retaliated against for writing grievances and complaints on their behalf. Rather, he alleges retaliation by Defendants against other inmates "who filed lawsuits or availed themselves of grievance procedures." (Doc. 50, p. 12-14). His claims are connected to those of other inmates only to the extent that he is asserting that Defendants are retaliating against not only him, but others at Menard. Having similar claims is not sufficient to allow Weston to assert claims of other inmates. *See Bridges v. Gilbert,* 557 F. 3d 541, 553-54 (7th Cir. 2009). Accordingly, Weston may not assert the rights of other inmates who claim to be retaliated against for exercising their First Amended Rights. The Court notes that this does not prevent Weston from setting forth specific facts in this case to support his claim that there is a widespread policy of retaliation by IDOC staff.

## DISPOSITION

For the reasons stated above, the Motion for Reconsideration and Modification

(Doc. 55) is **GRANTED in part** and **DENIED in part.** The Court **DENIES** the request to reinstate **Counts 11** and **13**. The Court **GRANTS** the request to revise Weston's retaliation claim. The allegations that Weston's telephone and email privileges were restricted as a part of the widespread retaliation practices by staff in IDOC shall proceed. The allegations are **ADDED to Count 10. The Court will also consider Weston's claims of retaliation at the preliminary injunction hearing.**

Weston's request for Defendants to answer or otherwise plead to the Supplemental Complaint within fourteen days is **GRANTED**. Defendants are **ORDERED** to file an appropriate responsive pleading to the Supplemental Complaint by **June 12, 2020.** Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in the Merit Review Order of the Supplemental Complaint (Doc. 49) and this Order, which modifies **Count 10.**

    **IT IS SO ORDERED.**

    **DATED:   May 28, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**