IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS WESTON, #N07414, <br><br> Plaintiff, <br><br> v. <br><br> JOHN BALDWIN, *et al.*, <br><br> Defendants. | Case No. 19-cv-01020-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the Motion to Stay Deduction of Partial Filing Fee (Doc. 95) and the Motion for Ruling on Outstanding Objection (Doc. 98) filed by Plaintiff Travis Weston.

### MOTION TO STAY DEDUCTION OF PARTIAL FILING FEE

Weston asks that he be permitted to pay the filing fee at the end of the litigation, rather than in installments. He claims that 28 U.S.C. § 1915(b) is unconstitutional, as it violates the doctrine of separation of powers, substantive due process, and the Equal Protection Clause. (Doc. 95, p. 3).

The Seventh Circuit has held that "there is no constitutional entitlement to subsidy." *Lewis v. Sullivan,* 279 F. 3d 526, 528 (7th Cir. 2002). "Litigation is not a free good, and its costs are not limited to those who initiate it." *Lumbert v. Ill. Dep't of Corr.* 827 F. 2d 257, 259 (7th Cir. 1987) Costs for litigation are "borne not only by the plaintiff but by the defendant, by the taxpayer, and by parties to other lawsuits in the same court[.]" *Id.* Therefore, even when the plaintiff is indigent, "[a] requirement that plaintiffs cover *some* of [the litigation] costs cannot be called unconstitutional[.]" *Lewis,* 279 F. 3d at 528. *See also Lumbert,* 827 F. 3d at 259.

As Weston acknowledges, the collection of the filing fee is mandated by federal statute and

requires him to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. 1915(b)(2). It is well "within the legislative power to place special limitations on prisoners' litigation[,]" *Lewis,* 279 F. 3d at 528, and the statute "does not provide this court with the authority to prevent the requisite withdrawals from his trust account or with the discretion to allow him to pay on a different schedule[.]" *Ippolito v. Buss,* 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003). Additionally, the Seventh Circuit has rejected the argument that Section 1915(b) is "unconstitutional because it distinguishes between prisoners and other litigants." *Lucien v. De Tella,* 141 F.3d 773, 775 (1998). Accordingly, the Motion is denied. If at any time Weston needs additional time to file a response or motion with the Court because of limitation on monthly writing supplies or access to legal documents and research, he may ask for an extension of time by filing a motion.

### MOTION FOR RULING ON OUTSTANDING OBJECTION

On August 17, 2020, West filed an Objection to the Initial Scheduling and Discovery Order. (Docs. 74, 76). Weston objects to the provisions of the Initial Scheduling and Discovery Order (1) allowing Defendants to object to the production of certain discovery due to security concerns; and (2) staying discovery on the merits until the issues regarding exhaustion of administrative remedies has been resolved. He has now filed a document requesting for the Court to rule on the Objection. (Doc. 98). The Court grants the Motion for Ruling on Outstanding Objection and will address the issues raised in the Objection.

In the Objection, Weston does not specify the type of relief he is seeking from the Court. Therefore, to the extent Weston is asking the Court to reconsider, amend, or revise the Initial Scheduling and Discovery Order, the request is denied. The Court has not given state prison officials "absolute privilege to withhold relevant discovery materials…" as alleged by Weston. The language merely instructs Defendants that they "may" object to the production of certain

documents for specific security concerns. (Doc. 74, p. 2). Like any other discovery disputes, if Weston believes that an objection raised by Defendants is not warranted, he may file a motion to compel production of the requested documents. However, Weston is advised that a motion to compel may only be filed after he has made a good faith effort to resolve the dispute with Defendants prior to involving the Court. *See* FED. R. CIV. P. 37(a) (the motion must include a "certification of that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery[.]").

Finally, the Court has already addressed Weston's arguments that Defendants' affirmative defense regarding exhaustion of administrative remedies is legally barred. (*See* Doc. 92). Any arguments Weston would like to put forth in opposition to the affirmative defense regarding exhaustion should be raised in a response to a motion for summary judgment filed by Defendants.

**IT IS SO ORDERED.**

**DATED:** November 9, 2020

                                                         *s/ Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**