**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TRAVIS WESTON,**
**#M07414,**

          **Plaintiff,**

**v.**

                               **Case No. 19-cv-01020-SPM**

**JOHN BALDWIN,** *et al.,*

          **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Currently, before the Court is Plaintiff Weston's response to the Court's order denying his requests for copies of the record on appeal. (*See* Docs. 109, 110). Weston states that the Court misconstrued his request. He clarifies that he was not seeking additional copies but asking for a list of the numbered documents constituting the record for appeal, along with the transcript, so that he is able to correct or modify the record if needed. He also asks for the pleadings and rulings rendered by the Court subsequent to the filing of the interlocutory appeal to be included in the record on appeal. Finally, he claims that the Court has failed to prepare the record for appeal and certify to the circuit clerk that the record on appeal is complete in accordance with Federal Rule of Appellate Procedure 11(b)(2)(C), and the court reporter has failed to notify the circuit clerk that the transcript is now complete and filed with the district clerk. (Doc. 110).

The Court will send Weston a copy of the short record that was sent to the Seventh Circuit Court of Appeals upon the filing of the Notice of Appeal. (Doc. 82). This document includes a copy of the docket sheet with the numbered documents constituting the record on appeal.

The Court will not, however, add to the record on appeal pleadings and rulings entered in the docket after Weston filed his Notice of Appeal. Documents that were filed after the ruling on

Page 1 of 2

the motion for preliminary injunction "would not have affected the [C]ourt's decision" in denying the motion and are therefore irrelevant for the purposes of appeal. *See Brooks v. Complete Warehouse & Distrib. LLC,* No. 15-cv-564-99, 2017 WL 2345583 at *4 (E.D. Wisc. May 30, 2017). *See also Jones v. Ill. State Toll Highway Auth.,* 502 F. App'x 587, 590 (7th Cir. 2013) (the "appellate stage of the litigation process is not the place to introduce new evidentiary materials") (citations omitted).

Finally, the Court notes that the Clerk of Court has fulfilled its obligation to prepare the record for appeal by making the docket, including the transcript, electronically available to the appellate court, as is required by Rule 10 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit. Therefore, no further action is required by the Court or the court reporter. Furthermore, the Court is only required to certify the docket to the circuit clerk that the record is complete in accordance with Rule 11(c) when the district clerk has retained the record temporarily, which has not been done here.

Therefore, Weston's requests are **DENIED in part** and **GRANTED in part**. The Clerk of Court is **DIRECTED** to send Weston a copy of the short record transmitted to the Seventh Circuit Court of Appeals (Doc. 82).

**IT IS SO ORDERED.**

**DATED: December 15, 2020**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**