IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS WESTON,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**JOHN BALDWIN,** *et al.*,<br><br>            **Defendants.** | Case No. 19-cv-01020-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the following motions filed by Plaintiff Travis Weston: motion for reconsideration the Court's Order granting the motion for summary judgment filed by Defendants (Doc. 163), motion for leave to amend record (Doc. 164), renewed motion for recusal (Doc. 166), and two motions to strike the taxation of costs (Doc. 167, 168).

## MOTION FOR RECONSIDERATION[1]

Plaintiff Travis Weston, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed this action alleging violations of his First Amendment rights pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and state negligence law. (Doc. 1, 49). On May 4, 2022, Defendants filed a motion for summary judgment. (Doc. 143, 144). After the motion was filed, Plaintiff filed four motions requesting an extension of the response deadline. (Doc. 147, 149, 152, 156). The Court granted the first three motions, and the deadline to respond was set for

---

[1] After filing the motion for reconsideration, Plaintiff filed a motion for leave to amend in order to add an exhibit that was inadvertently not attached to the motion for reconsideration. (Doc. 164). The motion for leave to amend is **GRANTED.** The Court will consider the exhibit (Doc. 164, p. 4) in ruling on the motion for reconsideration.

September 21, 2022. (Doc. 154). The Court denied the fourth motion, but Weston was given seven additional days to file a response in opposition. Weston did not file a response by the deadline set by the Court, and the Court granted the motion for summary as to all claims. The case was dismissed, and judgment was entered on December 6, 2022. (Doc. 159, 160).

On January 3, 2023, Plaintiff filed the motion for reconsideration pursuant to Rule 59(e) currently before the Court. (Doc. 163). Plaintiff argues that Defendants did not meet their burden demonstrating the absence of a genuine issue of material fact. (*Id.* at p. 2). He points out that this burden must be met regardless of whether he filed a response in opposition or not. Plaintiff further argues that the Court construed the summary judgment standard in an unjust and oppressive manner. (*Id.* at p. 18).

Federal Rule of Civil Procedure 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 F. App'x 376, 377 (7th Cir. Dec. 9, 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A movant must file a Rule 59(e) motion within twenty-eight days of the order. Although the motion was timely filed, for the following reasons, Plaintiff has failed to establish a manifest error of law or fact or present any new evidence warranting alteration or amendment of the judgment in this case.

### I.     Counts 1, 2, 5, 7, and 8

Plaintiff argues that the Court should not have dismissed Counts 1 and 2 in their entirety and Counts 5, 7, and 8 in part as barred by the statute of limitations because Defendants did not specify the exact dates as to when the statute of limitations began to run and when the alleged

limitation period expired. Because the commencement date for the statute of limitations period was not clear, the Court committed error in granting summary judgment.

As to Count 1, however, Defendants, did provide a specific commencement date for the statute of limitations for the allegations against Defendant Claycomb. The date provided was March 11, 2016, the date that Plaintiff claims he was removed from Jum'ah services. (Doc. 144, p. 11). It was the Court who observed that the commencement date arguably could be ambiguous since Plaintiff had testified in his deposition that his requests to attend Jum'ah services continued to be denied following his release from segregation in April 2016. (*See* Doc. 159, p. 10) (citing Doc. 144-1, p. 110-111). However, Plaintiff testified that he "assumed" that Claycomb was the person denying these subsequent requests, and during his deposition, he could not remember the last time a request to attend Jum'ah services was denied. No evidence was actually presented at summary judgment to contradict Defendants' date of March 11, 2016, as the date when the statute of limitations began to run creating a "*genuine* dispute of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Thus, the Court did not err in granting summary judgment in favor of Claycomb as to Count 1 in its entirety and Counts 5, 7, and 8 in part.

Likewise, as for Count 2, 7, and 8 against Harner and Lawrence, Defendants specified May 27, 2017, the day Defendants denied his request to participate in Ramadan, as the date on which the statute of limitations began to run. (Doc. 144, p. 11). Defendants tolled the statute of limitations for 105 days while Plaintiff exhausted his administrative remedies and calculated that the statute of limitations as expiring on September 9, 2019. The argument that Defendants did not specify a statute of limitations commencement date is not well taken.

Plaintiff further argues that his claims against Harner and Lawrence regarding denial of participation in Ramadan did not accrue until June 24, 2017, the last day of Ramadan, not May 27, 2017 – the date his request to participate in Ramadan was denied and the start of Ramadan. (Doc.

163, p. 7). First, the Court notes that motions for reconsideration are "not an appropriate forum for…arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F. 3d 1264, 1270 (7th Cir. 1996). Plaintiff did not present this argument in a timely opposition brief to the motion for summary judgment, and therefore, this argument is not properly before the Court now. Second, the fact that Defendants' conduct in denying Plaintiff's request to participate in Ramadan had effects that lasted until Ramadan was completed does not convert the discrete act of denial into one long continuing wrong. *See Pitts v. City of Kankakee*, 267 F.3d 592, 595–96 (7th Cir. 2001) (doctrine of continuing violation did not apply to claim that the city violated plaintiffs' constitutional rights by placing signs on their land; at the moment the city posted each sign, plaintiffs knew they had suffered an injury and nothing new happened thereafter to change the nature of the injury); *Clark v. City of Braidwood,* 318 F. 3d 764, 767 (7th Cir. 2003) ("the continuing violation doctrine does not save an otherwise untimely suit when a single event gives rise to continuing injuries). Again, the Court did not commit an error of fact or law in granting summary judgment in favor of Harner and Lawrence as to Count 2 in its entirety and as to Counts 7 and 8 in part as barred by the statute of limitations.

Plaintiff next argues that Defendants wrongly argued that a two-year statute of limitations applies to his claims in Counts 1, 2, 5, 7, and 8. He asserts that because his claims did not involve a physical injury, but an injury to a personal relationship established by a contract or covenant with Allah, the correct statute of limitations under Illinois law is five years. Not only is Plaintiff incorrect,[2] but again, this argument was not presented when the motion for summary judgment

---

[2] Plaintiff cites to *Beard v. Robinson*, 563 F.2d 331, 338 (7th Cir. 1977), which broadly stated that "the Illinois five-year statute of limitations applies to statutory claims brought under the Civil Rights Acts." After *Beard* was decided, the Supreme Court held that the applicable statute of limitations for Section 1983 claims is the state period for personal injury torts. *See Wexler v. City of Chi,* 27 F. 3d 570 (7th Cir. 1994) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)). *See also Smith v. City of Chi. Heights,* 951 F. 2d 834, 839 (7th Cir. 1992) (the applicable limitations period for actions

was pending. Accordingly, the Court will not alter or amend the judgment as to Counts 1, 2, 5, 7, and 8.

## II. Count 4

The Court granted summary judgment as to Count 4, which was a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against the Warden of Menard in his official capacity for denying Plaintiff participation in religious services and participation in Ramadan and burdening Plaintiff's ability to practice his religion as it concerns his diet. The Court found this claim to be moot in part, as there appeared to be no need to grant injunctive relief regarding Plaintiff's denial of participation in religious services and Ramadan. (Doc. 159, p. 12-13). Plaintiff had testified that he had not requested to participate in Jum'ah services since Claycomb had left Menard. Nor was there any evidence before the Court at summary judgment that other than the denial of Ramadan participation in 2017, Plaintiff had requested and been denied further participation. The Court also observed that Plaintiff had failed to specify what type of injunctive relief he was seeking.

Plaintiff argues that Defendants did not meet their burden of making an affirmative showing that any evidence in the record or the lack thereof would foreclose the award of punitive damages for the RLUIPA claims against Claycomb, Harner, Lawrence, and Hanna. (Doc. 163, p. 10). Plaintiff's claim for punitive damages under RLUIPA has already been considered and dismissed from this case. (*See* Doc. 19, p. 8; Doc. 49, p. 3). The Court, therefore, will not reconsider Plaintiff's request for punitive damages under RLUIPA.

Plaintiff next argues that the Court erred to dismissing his RLUIPA claim because Defendants did not meet their burden of arguing or presenting evidence that they were entitled to

---

brought under Section 1983 in federal court "in Illinois is Illinoi's two-year statute of limitations for personal injury actions.").

summary judgment due to mootness of the claim. He states that the Court ruled in favor of the moving party, which is a complete inversion of the summary judgment standard. (Doc. 163, p. 9-10). He states that the "evidence adduced in support of [his] RLUIPA claims" demonstrate a pattern of religious persecution that is systemic and prospect that he would be prevented from attending religious services in the future are more than theoretical. (*Id.* at p. 10). But "[i]ssues of justiciability, such as mootness, must be raised by the court *sua sponte,* if not raised by the parties." *Bradford v. Kramer,* No. 15-cv-1405-MJR0SCW, 2017 WL 2373441, at *2 (S.D. Ill. Apr. 27, 2017) (citing *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005)). *See also Ruggles v. Ruggles,* 49 F. 4th 1097, 1098 (7th Cir. 2022) ("When a question about mootness arises, federal courts have a constitutional obligation to address it – on our own it need be."). The Court further notes that while Plaintiff argues that his request for injunctive relief is not moot because any staff could prevent him from participation in religious activities at any time, he still does not cite to a specific instance in which he has been denied participation in Ramadan or religious services outside the instances alleged against Defendants in the Complaint. Accordingly, the Court did not err in finding his RLUIPA claims regarding attending religious services and participation in Ramadan moot.

### III. Compelling or Legitimate Penological Interest

Plaintiff further argues that the Court erred in dismissing Counts 1, 2, 4, 7, and 8 because Defendants did not argue that they had a either a compelling or legitimate penological interest justifying their conduct. In support of this argument, Plaintiff does not demonstrate a manifest error of law or fact in the Court's reasoning or present *new* evidence. Rather, he argues why the facts presented show why his diet did not comply with kosher guidelines and burdened his ability to exercise his religious beliefs. These arguments could have been presented at the summary judgment phase and were not. The Court will not consider them now. *Khan v. Holder,* 766 F. 3d 689, 696 (7th Cir. 2014) ("motions to reconsider…are not replays of the main event") (quoting

*Rehman v. Gonzales,* 441 F. 3d 506, 508 (7th Cir. 2006)).

    **IV.**    **Counts 9, 10, and 12**

Finally, Plaintiff contends that the Court erred in dismissing his retaliation claims. Plaintiff states that Hanna's declaration that he removed Plaintiff from employment in the kitchen to avoid further conflict or confusion is baseless and should fail as a matter of law. (Doc. 163, p. 18). He also disputes the Court's finding that there was no evidence that Hanna prevented him from obtaining other employment at Menard Correctional Center as asserted by Defendants. (*Id.*). Plaintiff points to an exhibit filed in this case on July 27, 2020, in support of Plaintiff's motion for preliminary injunction. The exhibit is a letter he wrote to his counselor, Sarah Quick, asking why he was unable to obtain another work assignment after being discharged on December 20, 2019. (Doc. 68, p. 10; Doc. 107, p. 21-22). At the bottom of the letter is written the notes, "The eval stated that you didn't want to work," with the signature "Quick CCII." Plaintiff asserts that this evidence contradicts Hanna's statement that he did not fill out an evaluation for Plaintiff and that he did not have any role in a new job placement for Plaintiff.

The Court declines to reconsider the granting of summary judgment as to Counts 9, 10, and 12. At the time of summary judgment, Plaintiff failed to present the Court with evidence or argument as to Hanna's credibility or disputing his assertions regarding Plaintiff's termination from food services. *See Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003) (the Seventh Circuit has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them").

Plaintiff is correct that when analyzing a motion for summary judgment the Court is to view the facts in the light most favorable to the nonmoving party. Pursuant to Federal Rule of Civil Procedure 56, however, the Court is not required to consider facts outside of the summary

judgment materials, and "[i]f a party fails…to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(c) and (e). As Plaintiff was advised, the Court deemed his failure to respond as an admission that the facts of this case as presented by Defendants were unopposed. Based on these facts, no reasonable jury could conclude Defendants liable. For these reasons, the Court will not alter or amend the judgment, and motion for reconsideration is **DENIED.**

### RENEWED MOTION FOR RECUSAL

Plaintiff has filed a motion requesting the undersigned to recuse himself from this case. (Doc. 166). He argues that the granting of summary judgment in favor of Defendants "reflects such a deep seated favoritism for Defendants and antagonism towards Plaintiff to the extent that fair judgment on this Court's part is made impossible in regards to [his] pending motion for reconsideration." (*Id.* at p. 1). Plaintiff contends that the undersigned's impartiality is evident because Defendants were allowed to file vexatious pleadings – the motion for summary judgment and memorandum in support – but Plaintiff's requests for a continuance to conduct discovery and extend the deadline for him to file a response were denied. (*Id.* at p. 4). The undersigned then entered summary judgment for Defendants based on a frivolous motion. He further argues that recusal is required due to the undersigned's past employment with the Office of the Illinois Attorney General. Plaintiff asks this case to be reassigned and argues that the undersigned should not rule on the motion for reconsideration. (*Id.* at p. 5).

The motion is denied. This is not the first time that Plaintiff has communicated his unhappiness with the undersigned's handling of this case and sought reassignment. (Doc. 133, 137, 140). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 also provides a number of circumstances in which a judge shall disqualify himself, for example, where he or she is related to

a party, has a financial interest in the outcome, or has a personal bias or prejudice concerning a party. 28 U.S.C. §455(b). Plaintiff's arguments do not demonstrate any of the circumstances required for recusal. Plaintiff attempts to describe the undersigned as biased and displaying favoritism towards Defendants, but in support of his motion he only points to rulings made by the Court with which he disagrees. He has not presented evidence of personal animus or malice by the undersigned towards him from an extrajudicial source. Rather, Plaintiff merely continues to express a dissatisfaction with orders of this Court, which is not a basis for recusal. *See Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Further, the undersigned has not ever been employed by the Office of the Illinois Attorney General, so Plaintiff has failed to show a financial interest in the outcome of this case. Accordingly, the renewed motion for recusal is **DENIED.**

### MOTION TO STRIKE AS PREMATURE COSTS TAXED BY THE CLERK

After the Court entered judgment, Defendants filed a bill of costs on December 14, 2022. Plaintiff did not file an objection to the bill of costs. The Clerk taxed costs in the amount of $823.05 against Plaintiff and in favor of Defendants on January 10, 2023. (Doc. 165). Three days later, Plaintiff filed the current motions arguing that the taxation of costs was premature since a motion for reconsideration was pending at the time. (Doc. 167, 168).[3] Plaintiff points out that in the motion for reconsideration he asks for the denial of Defendants' requests for costs.[4]

According to the Local Rules for the Southern District of Illinois and the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party. Such costs may be taxed by the clerk of Court "on 14 days' notice." FED. R. CIV. P. 54(d)(1). Therefore, the opposing party has 14 days from the date notice is given by the Clerk in which to file any objections. SDIL-LR 54.2. "If no objections are filed within the 14 day period, the Clerk of Court will tax the appropriate costs."

---

[3] The motions are identical.
[4] On the last page of his motion for reconsideration signed December 30, 2022, and received by the Court on January 3, 2023, Plaintiff "requests that this court grant this motion and deny Defendants Bill of Costs." (Doc. 163, p. 19).

*Id.* "On a motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1). The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Other than timing, Plaintiff has not presented any additional argument against the taxation of costs in favor of Defendants. The Court has denied the motion for reconsideration, and Defendants only seek fees for Plaintiff's deposition transcript, which are recoverable. *See* 28 U.S.C. §1920. Upon review, the Court finds no reason to modify the costs as taxed. The motions to strike as premature costs taxed by Clerk of Court are **DENIED.** (Doc. 167, 168).

## DISPOSITION

**IT HEREBY ORDERED** that the Motion for Leave to Amend Record is **GRANTED.** (Doc. 164). The Motion for Reconsideration is **DENIED.** (Doc. 163). The Renew Motion for Recusal is **DENIED.** (Doc. 166). The Motions to Strike Costs Taxed are **DENIED**. (Doc. 167, 168).

**IT IS SO ORDERED.**

**DATED: August 21, 2023**

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**